4 F.3d 995
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rayshawn WILLIAMS, Defendant-Appellant.
 No. 92-4286.
 United States Court of Appeals, Sixth Circuit.
 Aug. 30, 1993.
 
 Before MILBURN, RYAN and BATCHELDER, Circuit Judges.
 RYAN, Circuit Judge.
 
 
 1
 Defendant Rayshawn Williams appeals the sentence of the district court imposed after Williams pled guilty to possession with intent to distribute in excess of 50 grams of cocaine in violation of 21 U.S.C. Secs. 841(a)(1) and (b)(1)(A). Williams argues that the district court erred when it refused to apply a downward departure from the guidelines because of Williams's diminished mental capacity. Because we conclude that the issue raised by Williams is not appealable, we shall affirm the district court's judgment of sentence.
 
 I.
 
 2
 Williams was arrested on January 24, 1992, after a police officer spotted him speeding in a black Oldsmobile Cutlass. When the officer attempted to stop the car, Williams tried to outrun the police car. Eventually, the officer located the Oldsmobile and Williams, who was in a parking lot walking away from the car, carrying a brown paper bag under his arm. Williams was apprehended after attempting to run from the officer. When arrested, he no longer had the bag, but police recovered it from under a porch after retracing Williams's footsteps in the snow. The bag contained over $9,000 in cash and 872.8 grams of crack cocaine. Williams admitted that he had obtained the cocaine in Chicago and that the money included proceeds from drug sales.
 
 
 3
 Williams was indicted for possessing with the intent to distribute in excess of 50 grams of cocaine in violation of 21 U.S.C. Secs. 841(a)(1) and (b)(1)(A). The case went to trial, but Williams pled guilty before the case was submitted to the jury. The presentence report recommended an offense level of 36 based on the weight of the drugs found in the bag, reduced by two points for acceptance of responsibility. The report concluded that there was no evidence warranting departure from the guidelines.
 
 
 4
 Prior to sentencing, Williams filed a motion for departure from the recommended guideline range on the basis that he suffered from diminished mental capacity. Williams submitted school records that indicated that he had trouble relating to peers, had attended special education classes, and was diagnosed as "slightly retarded." At the sentencing hearing, the court stated that although the way Williams acted when apprehended "wasn't very smart," the court was not certain that Williams established diminished capacity. The court concluded, "I can't find by a preponderance of the evidence that if he has diminished capacity, that it really contributed to his--to the criminal activity here." Williams was sentenced to a 188-month imprisonment term.
 
 II.
 
 5
 Williams argues that the district court erred when it refused the downward departure because the facts show that his diminished mental capacity contributed to the commission of the offense. The government argues that the issue is not appealable.
 
 
 6
 Under the sentencing guidelines, the district court may apply a downward departure from the recommended guideline range if "the defendant committed a non-violent offense while suffering from significantly reduced mental capacity not resulting from voluntary use of drugs or other intoxicants...." U.S.S.G. Sec. 5K2.13. According to the guidelines, the sentence should be lowered to "reflect the extent to which reduced mental capacity contributed to the commission of the offense...." Id.
 
 This court has ruled:
 
 7
 Where ... the guideline range was properly computed, the district court was not unaware of its discretion to depart from the guideline range, and the sentence was not imposed in violation of law or as a result of an incorrect application of the guidelines, the failure to depart is not cognizable on appeal under 18 U.S.C. 3742(a).[1] United States v. Davis, 919 F.2d 1181, 1187 (6th Cir.1990) (footnote added). There is no evidence that the district court misunderstood its authority to grant a downward departure. See id.; but cf. United States v. Lauzon, 938 F.2d 326, 330 (1st Cir.), cert. denied, 112 S.Ct. 450 (1991). The record reveals that the district court knew that it had discretion to impose a sentence below the guideline range pursuant to U.S.S.G. Sec. 5K2.13 but that the court determined departure was not warranted under the facts of this case. Therefore, the district court's refusal to depart from the guidelines is not subject to our review.
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 18 U.S.C. Sec. 3742(a) provides:
 A defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence--
 (1) was imposed in violation of law;
 (2) was imposed as a result of an incorrect application of the sentencing guidelines; or
 (3) is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine or term of imprisonment ... than the maximum established in the guideline range ...; or
 (4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.